IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ROBERT TOWNSEND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 21-cv-3252 |
| | ) | |
| SARAH LEHMANN et al., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

Plaintiff proceeds pro se from the Livingston County Jail, pursuant to 42 U.S.C. § 1983, alleging a Fourteenth Amendment claim based on alleged objectively unreasonable medical care while he was in federal pretrial detention at the Sangamon County Jail.

Several Matters are before the Court.

A. <u>Plaintiff's Failure to Update his Address and Comply with Court Orders</u>

On December 5 and 6, 2022, mail the Clerk had sent to Plaintiff was returned as undeliverable. (#51), (#52). On December 9, 2022, the Court ordered Plaintiff to update his address within 14 days or face dismissal of this action. *See* CDIL-LR 16.3(K) ("Every pro se plaintiff must notify the clerk of this court in writing of any change of address during the pendency of his case."). The Court's mailing was again returned as undeliverable. (#53). On January 30, 2023, the Court allowed Plaintiff "one last chance" to update his address within 14 days, and directed the Clerk to send the Order to Plaintiff at the Livingston County Jail, where he is detained according to court records.

1

As of the date of this Order, Plaintiff has failed to update his address. Accordingly, because Plaintiff has demonstrated he is not willing to pursue this suit and has demonstrated unwillingness to follow this Court's orders, the Court finds Plaintiff's suit is subject to dismissal for Plaintiff's failure to update his address and for his failure to comply with the Court's orders. See *Harris v. Emanuele*, 826 F. Appx. 567, 569 (7th Cir. 2020) (affirming the district court's denial of motion to reopen case after dismissing the plaintiff's suit for failing to comply with the district court's orders to update address and prosecute the case).

Plaintiff has also failed to respond to Defendants' summary judgment motion, and the Court will rule on that motion at this time, as well.

B. <u>Plaintiff's Failure to Respond to Defendants' Summary Judgment Motion</u>

Defendants filed their Motion for Summary Judgment (#49) on October 26, 2022. Plaintiff's response was due November 16, 2022. The Court extended Plaintiff's response deadline on its own motion, to February 21, 2023. Plaintiff has not filed a response.

Pursuant to Local Rule 7.1(D)(2), Plaintiff's failure to respond is deemed an admission of Defendant's summary judgment motion. However, admission of Defendant's motion does not automatically result in judgment for Defendant. *See Keeton v. Morningstar, Inc.*, 667 F.3d 877, 884 (7th Cir. 2012). Defendant must still demonstrate entitlement to judgment as a matter of law. *Id.* Although Plaintiff has not provided his own version of the facts and has not disputed Defendant's undisputed material facts, the Court must still view all the undisputed facts in the light most favorable to the

nonmoving party, and the Court must draw all reasonable inferences in the nonmoving party's favor. *Adams v. Wal–Mart Stores, Inc.*, 324 F.3d 935, 937 (7th Cir. 2003); *Curran v. Kwon*, 153 F.3d 481, 485–86 (7th Cir. 1998).

C. <u>Summary Judgment Facts</u>

These facts are set forth for purposes of this Order only. The Court has reviewed the pleadings and supporting documentation and states only those facts it finds to be material. Plaintiff has failed to dispute any of Defendant's undisputed material facts.

From January 12, 2021, through June 16, 2022, Plaintiff had dozens of appointments with medical providers at the Sangamon County Jail and at various specialists' offices. These visits related to Plaintiff's CPAP machine, breathing, complaints of vertigo, blood in his waste, numbness, tinnitus, lung pain, and liver pain. Plaintiff was prescribed the same medications his Veterans Administration providers prescribed, and his medications were adjusted in response to complaints of side effects; Plaintiff also underwent diagnostic x-ray imaging with no abnormal results shown. See (#49) at pp. 1-7.

Plaintiff also repeatedly refused medical care, refused to use his CPAP machine, refused to sign medical records releases, and refused to provide medical specimens. (#49) at ¶15-17, 23, 37-38, and 48.

D. <u>Summary Judgment Analysis</u>

Defendants argue they are entitled to summary judgment because Plaintiff has mustered insufficient proof for any reasonable jury to find that Plaintiff's Fourteenth Amendment rights were violated.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In ruling on a motion for summary judgment, a district court "has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). In making this determination, the court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Singer v. Raemisch*, 593 F.3d 529, 533 (7th Cir. 2010).

Only an objectively unreasonable treatment decision regarding a serious medical need can give rise to a constitutional claim by a detainee. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). Negligence or even gross negligence does not violate a detainee's constitutional rights. *Id.* To avoid summary judgment, Plaintiff must demonstrate that genuine issues of material fact exist on two questions: (1) whether he suffered from an objectively serious medical condition and (2) whether the medical staff's response to it was objectively unreasonable. *Williams v. Ortiz*, 937 F.3d 936 at 942–43 (7th Cir. 2019).

Defendants and the medical staff at Sangamon County Jail were responsive to Plaintiff's many and varied complaints. Plaintiff has put forth no evidence to show that Defendants were aware that their course of treatment could lead to harmful results for Plaintiff. At the same time, Plaintiff's own course of conduct in refusing medical care

4

repeatedly thwarted medical staff's ability to fully treat Plaintiff. There is no genuine issue of material fact for trial based on the undisputed facts before the Court. Defendants are entitled so judgment as a matter of law based on the undisputed record before the Court. A rational jury could not determine that Defendants provided Plaintiff with objectively unreasonable medical care.

**IT IS THEREFORE ORDERED:**

(1) Defendant's Motion for Summary Judgment [49] is GRANTED. Plaintiff's case is also dismissed with prejudice based on his failure to comply with the Court's Orders. The Clerk of the Court is directed to enter judgment in favor of Defendants and against Plaintiff. This case is terminated. Plaintiff remains responsible for the filing fee. All remaining pending motions are MOOT.

(2) If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal in forma pauperis must identify the issues Plaintiff will present on appeal to assist the Court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith."); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000)(providing that a good faith appeal is an appeal that "a reasonable person could suppose … has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.

ENTERED: April 19, 2023.

s/ James E. Shadid
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE